IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUTOMED TECHNOLOGIES, INC.,

                        Plaintiff,

    v.                                    1:04-cv-1152-WSD

KNAPP LOGISTICS & AUTOMATION, INC. and KNAPP LOGISTIK AUTOMATION GmbH,

                        Defendants.

**OPINION AND ORDER**

This matter is before the Court on AutoMed Technologies, Inc.'s ("AutoMed") Objections to Defendants' Bill of Cost ("Auto. Obj.") [186], Knapp Logistics & Automation, Inc.'s ("Knapp U.S.") Substitute Response to AutoMed's Objections to Defendants' Bills of Costs [195],[1] Knapp Logistik Automation GMBH's Response to AutoMed's Objections to Defendants' Bill of Costs [194] and AutoMed's Reply in Support of its Objections to Defendants' Bills of Costs [196].

**_Background_**

---

[1] This pleading was a substitute for Knapp Logistics & Automation, Inc.'s Response to AutoMed's Objections to Defendants' Bills of Costs [193].

Defendants' Bills of Cost[2] were filed after the court entered Final Judgment in favor of Defendants Knapp Logistics & Automation, Inc. and Knapp Logistik Automation GmbH ("Knapp Austria") on July 18, 2006 ("Final Judgment"). The parties agreed to allow entry of a final judgment against Automed because AutoMed had determined, "[b]ased on the Court's construction of the asserted claims of the '829 Patent, AutoMed cannot prevail on its claims of patent infringement against the Defendants because it is undisputed that the accused system . . . does not satisfy . . . [various] claim limitations, as construed by this Court."  (Final Judg. at 2).  Entry of a final judgment allowed Automed to appeal the Court's construction of the asserted claims.  The Final Judgment, drafted by the parties, provided:  "The entry of this Final Judgment disposes of all claims and counterclaims pending in this action."  (Final Judg. at 3).

The parties do not dispute that Knapp U.S. and Knapp Austria are the prevailing parties in this action.  AutoMed, however, argues that the Final Judgment's "dismissal of all claims and counterclaims" bars Knapp U.S. and

---

[2] Knapp U.S.'s Bill of Costs, dated August 18, 2006, is in the aggregate amount of $80,985.19.  Knapp Logistik Automation GmbH's Bill of Costs, dated August 18, 2006, is in the aggregate amount of $3,715.29.

Knapp Austria from claiming costs in this matter.  If the court finds that costs are not barred, AutoMed alternatively argues that certain of the costs sought either should not be awarded, or the amount claimed should be reduced.  AutoMed claims costs should not be allowed for:

>1.  On Site E-Discovery ($50,206.77)
>
>2.  Costs associated with depositions, including fees for transcripts, exhibits, courier service, videotaped depositions, administrative fees and appearance fees ($22,531.20).
>
>3.  Service of process fees in excess of those charged by the United States Marshal Service, and fees for expediting delivery of transcripts ($652).
>
>4.  Court reporter expedited service and copy fees ($29.70).
>
>5. Witness fees for a fee check not cashed and a witness not deposed ($105).
>
>6.  Knapp Austria's costs for a transcript of the deposition of Kenneth Charhut, taken by co-defendant Knapp ($581.61).

AutoMed also seeks the Court generally to exercise its discretion by reducing the costs claimed to a "reasonable amount."  (AutoMed Obj. at 13).

*Discussion*

<u>Effect of the Final Judgment</u>

AutoMed first argues the Final Judgment precludes the claims for costs. The Court disagrees. The Final Judgment "disposes of all claims and counterclaims pending in this action." (Final Judg. at 3). Defendants raised two Counterclaims: invalidity and non-infringement. Those two counterclaims were the only ones pending in the case when the Final Judgment was entered. AutoMed apparently argues that the request for an award of costs in the Counterclaim's *ad damnum* constitutes a "counterclaim" in its own right and was thus disposed of by the Final Judgment. That argument is inconsistent with the language of the Final Judgment and the nature of costs. The *ad damnum* states that Defendants sought an award of costs incurred "in connection with this counterclaim." (Def. Counterclaim ¶ 12). Thus, the counterclaim on its face distinguishes between claims and costs. This is consistent with the nature of costs, which are allowed to a party which prevails on claims asserted in an action. Indeed, the prevailing party in litigation is statutorily and presumptively entitled to an award of costs. See, e.g., Chapman v. AI Transport., 229 F.3d 1012, 1038 (11th Cir. 2000). In sum, a request for costs is

self-evidently not a counterclaim, and the Final Judgment disposed only of counterclaims.

The Final Judgment does not indicate that the parties agreed, or that the Court ordered, that costs would not be awarded to Knapp U.S. and Knapp Austria as prevailing parties in this litigation.[3]  Accordingly, the Final Judgment does not expressly or impliedly bar an award of costs in this action.

Objection to Specific Costs Claimed

Rule 54(d)(1) provides for an award of costs to a prevailing party, and 28 U.S.C. § 1920 describes the costs which may be recovered.  The Court is allowed to assess the following costs under 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

---

[3] When parties agree to resolve a case, they generally deal expressly with the cost issue by stating in the pleading requested to be executed by the Court that claims are dismissed with "each party to bear their own costs."  The parties declined to provide such clarity here.

5

  (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

  (5) Docket fees under § 1923 of this title;

  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C.§ 1920. An award of costs is limited to those described in § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987). A district court's award of costs is reviewed for an abuse of discretion. Chapman, 229 F.3d at 1039. AutoMed has objected to seven (7) costs claimed by Knapp U.S. and Knapp Austria. Each of these are discussed separately below:

 1. On Site E-Discovery ($50,206.77)

 Section 1920(4) provides for the recovery of "fees for exemplification and copies of papers necessarily obtained for use in the case." Use of information copied is not the test of whether a copying charge is proper under Section 1920(4). EEOC v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000). The test is whether the prevailing party "could have reasonably believed that it was necessary to copy the papers at issue." Id. AutoMed objects to the cost for certain electronic processing

of information including text extraction, TIFF conversion, branding, master DVDs, scanning, OCR, technical time, mounting, lamination, color enlargement, master CDs, and duplicate CDs.  Knapp U.S. agrees that the cost of conversion from one format to another is not a recoverable cost.  Knapp U.S. claimed conversion costs in the amount of $29,570.17 and has withdrawn its request to be reimbursed for the conversion expense.

The Court concludes there are further costs in this category which are not taxable under section 1920(4).  Knapp U.S. has claimed costs for scanning and branding of documents.  Attachment 4 to the Bill of Costs submitted by Knapp U.S. details costs for the "production of documents for Knapp and Knapp Austria during the course of discovery in this case" related to on-site e-discovery (Knapp U.S. Bill of Costs at 5).  The purpose of section 1920(4) is to reimburse a party for the cost to copy documents necessarily obtained for use in the litigation.  To the extent the cost to scan documents was incurred for Knapp to produce discovery to AutoMed, the Court concludes this cost was necessarily obtained in connection with this litigation.  See BDT Prods, Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 420 (6th Cir. 2005).  Accordingly, the Court concludes that the cost to scan the produced documents is allowable and Knapp U.S. is directed to

supplement its Bill of Cost to specify the amount incurred to scan documents it produced in the case. Knapp also seeks costs from "branding" documents. "Branding" is not defined or described, the Court is unfamiliar with this term, and thus this is not allowed as a cost.

Knapp U.S. next claims costs in the approximate amount of $4250.00 for "activities necessary for production." The activities are not defined or described thus the Court does not have sufficient information to award these costs.

Finally, the cost to produce hearing exhibits used at the <u>Markman</u> hearing is not an allowable cost. Knapp U.S. admits this cost to be approximately $6000.00 (Knapp U.S. Sub. Resp. at 6.) While the exhibits created for use at the hearing were helpful, it was not necessary to create them and thus they are not fees for "copies of papers necessarily obtained for use in the case."

Accordingly, AutoMed's objections to electronic discovery costs are sustained in part and overruled in part. AutoMed shall pay the costs incurred to scan documents produced in response to discovery requests in this litigation. Knapp U.S. is instructed to supplement, on or before October 27, 2006, its Bill of Costs to specify the cost to scan these materials. Knapp U.S. is not entitled to tax

costs for branding, unspecified production activities, or exhibits for the Markman hearing.

    2.  Deposition Related Costs

AutoMed objects to an award of costs related to depositions. AutoMed's objections are neither reasonable nor credible. Based on the Court's familiarity with this litigation, the parties involved and the issues contested, the Court concludes the testimony of the individuals deposed, including Kenneth Charhut, was reasonably necessary for the use in the case and thus the transcription of these depositions is a taxable cost under section 1920(2). AutoMed also objects to the cost of videotaped depositions. The Eleventh Circuit permits the taxing of costs relating to video deposition unless a party objects in the first instance to video recording. See, e.g., Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 464-65 (11th Cir. 1996). It does not appear that AutoMed objected to videotaping of depositions and this cost is allowed in the amount of $7,588.75.[4]

AutoMed also objects to the award of administrative ($580.00) and appearance/attendance fees ($1,171.00) charged by court reporters to transcribe

---

[4] This amount was calculated from the summary of deposition expenses listed on the summary of Attachment 5 in Knapp U.S.'s Bill of Costs. (Knapp's Bill of Costs at 5).

deposition testimony. These charges have become customary fees in the market for legal services and are required to be paid to the court reporter to record a deposition. Thus, these fees are, as a practical matter, now necessary and are allowable costs.

There are other administrative costs that were not necessary to be incurred in connection with the depositions and transcriptions and to which AutoMed also objects. They include: Federal Express or other shipping fees ($222.00) and courier services ($24.00). While these costs were incurred to provide helpful services, they were not "necessary." They are not allowed.

AutoMed's objections to costs associated with depositions is sustained in part and overruled in part. The objection is sustained as to Federal Express, other shipping fees and courier services. The objection is overruled as to the cost to videotape depositions and for administrative and appearance/attendance fees charged by court reporters.

3. Service of Process Fees

AutoMed argues that the cost for service of subpoenas by a private process server is limited to the amount for service allowed to be charged by the United States Marshall's Service ("USMS"). EEOC v. W&O, Inc., 213 F.3d 600, 623

(11th Cir. 2000) (finding it is not abuse of discretion to tax private process server fees that do not exceed fees authorized by 28 U.S.C. § 1921). 28 C.F.R. § 0.114 (2005) currently permits the USMS to charge service of process fees in the amount of $45 per hour, plus travel costs and out of pocket expenses. AutoMed objects to the service costs claimed by defendant because they exceed the amount allowed by § 0.114. The Court agrees that service of process fees are taxable as cost provided they do not exceed the fee allowed to be charged by the USMS. The Court will allow Defendants' service costs based on the USMS fee structure and, specifically, will allow costs in the amount of $45.00 per subpoena. AutoMed also objects to costs in the form of "rush fees" ($125.00) and a Federal Express fee ($17.00). There is no evidence to support these were necessary, and they are not allowed. AutoMed's objections to service fees is sustained.

   4.   Court Reporter Expedited Processing Fee and Witness
        Fee Check Not Cashed

The cost to expedite transcription may occasionally be a necessary expense, but there is no indication that it or the cost for a copy of the transcript was necessary here. These costs, in the amount of $29.70, are not allowed.

AutoMed also objects to a witness fee claimed for a witness incorrectly subpoenaed. The amount of the fee is $40.00, and AutoMed's objection to the amount is sustained. The Court accepts Knapp U.S.'s representation that other witness fee payments were cost, actually incurred, and AutoMed's objection to such fee payments is overruled.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **SUSTAINED IN PART AND OVERRULED IN PART**. Specifically, AutoMed's objections to the following costs is **SUSTAINED**:

1. Cost to convert ($29,570.17);

2. Cost to brand (unspecified);

3. Cost to produce Markman hearing exhibits ($6000.00);

4. Cost of administrative cost (shipping, courier fees) associated with depositions ($246.00);

5. Cost for service fees in excess of $45.00 per witness ($652.00);

6. Cost to expedite transcripts and witness fee check ($69.70);

7. "Other activities necessary for production" ($4250.00).

**IT IS FURTHER ORDERED** that AutoMed's objection to all other costs is **OVERRULED**.[5]

**IT IS FURTHER ORDERED** that Knapp U.S. shall, on or before October 27, 2006, supplement its Bill of Costs to specify the cost incurred to scan and the total cost to brand documents produced to Automed in this litigation.

**SO ORDERED** this 19th day of October, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The amount of costs awarded can be calculated by the parties after the cost to scan and brand is determined. The calculation is as follows: $84,700.48 (total costs claimed) minus $40,787.87 (total specified costs not allowed) = $43,912.61, to be adjusted by deducting the cost of branding once that amount is determined.